852 F.2d 566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Ray JONES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sheila Wilborn JONES, a/k/a Sheila Allene Wilborn,
Defendant-Appellant.
 Nos. 87-5598, 87-5599.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 27, 1988.
Decided: July 22, 1988.
 
 Fred Warren Bennett, Federal Public Defender; Stephen J. Cribari, Deputy Federal Defender, on brief, for appellants.
 Robert H. Edmunds, Jr., United States Attorney; Douglas Cannon, Assistant United States Attorney; Becky M. Strickland, CLA Paralegal Specialist, on brief, for appellee.
 Before K.K. HALL, JAMES DICKSON PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald Ray Jones and Sheila Wilborn Jones appeal from their convictions under 18 U.S.C. Secs. 2113 and 924(c) for bank robbery and use of a firearm in the commission of a felony. Their counsel has filed a motion and brief with this Court in accordance with Anders v. California, 386 U.S. 738 (1967), in which counsel requests permission to withdraw on the ground that there are no issues of arguable merit in this appeal. We deny counsel's motion to withdraw, affirm in part, and vacate and remand in part.
 
 
 2
 After an independent review of the record, we conclude that Sheila Wilborn Jones' guilty plea was knowingly and voluntarily entered, and that there was a factual basis for the plea. We find no error in her conviction for violating 18 U.S.C. Secs. 2113(a) and 924(c) and the special assessment imposed because of those convictions. The same is true of Donald Ray Jones' convictions for violating Secs. 2113(a) and 924(c) in Cr. No. 87-47-G, 87-48-G, and 87-46-G. We vacate Donald Jones' conviction in Cr. No. 87-106-G and the restitution orders imposed on Donald and Sheila Jones in these cases, however, and we remand these matters for further proceedings.
 
 
 3
 In No. 87-106-G, Donald Ray Jones pleaded guilty to one count of violating Sec. 2113(d) as charged in count 1 of a Virginia indictment. His plea agreement contains conflicting information about whether he was to plead guilty to violating Sec. 2113(a) or Sec. 2113(d), however. For example, it states that Jones agreed to plead guilty to count 1 of the Virginia indictment, which charges a violation of Sec. 2113(d), and it also states that Jones would plead guilty to four counts of violating Sec. 2113(a) and describes the penalties for violating Sec. 2113(a) rather than those applicable to Sec. 2113(d). The arraignment also contains such a conflict: the prosecutor read the indictment containing the Sec. 2113(d) charge and the district court explained the elements and penalties applicable to a Sec. 2113(a) charge. Thus, we vacate Jones' conviction in Cr. No. 87-106-G, and remand for further proceedings. It is therefore unnecessary to decide whether Jones' guilty plea to violating Sec. 2113(d) could possibly be considered knowing and voluntary when the record does not disclose that he was correctly informed of the elements and penalty associated with that charge.[1]
 
 
 4
 We also vacate all of the restitution orders imposed in these cases. Pursuant to 18 U.S.C. Sec. 3579, the district court ordered Donald and Sheila Jones to make restitution to the banks they had robbed. This Court recently held that, in order to have effective appellate review of a sentencing decision which includes restitution, fact findings on the following factors listed in Sec. 3580(a) are necessary: (1) whether and to what extent the victims had been compensated for their losses; (2) the defendants' resources; and (3) the financial needs and earning ability of the defendants' dependents, if any. United States v. Bruchey, 810 F.2d 456 (4th Cir.1987). While the parties agree as to the total loss suffered by the victims of these robberies, there are no factual findings as to the other factors listed in Sec. 3580(a). Thus, we vacate the restitution orders and remand for further proceedings. We also note that the judgment and commitment orders contain inconsistent information as to whether and to what extent Donald and Sheila Jones are jointly and severally liable for these restitution payments. This inconsistency should be resolved in any restitution orders entered on remand.
 
 
 5
 In view of this disposition we deny counsel's request to withdraw from further representation. In addition, counsel's responsibilities in connection with application for certiorari are set forth in the plan adopted by the Fourth Circuit Judicial Council for implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing his clients in writing of their right to petition the Supreme Court for a writ of certiorari. If requested by his clients to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his clients.
 
 
 6
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 Section 2113(d) differs from Sec. 2113(a) in two respects: Sec. 2113(d) carries a maximum sentence of 25 years rather than 20 years, and it requires proof that the defendant used a deadly weapon or device during the robbery